1 MICHAEL A. PAINTER, Bar #43600
painter@ikplaw.com
2 ISAACMAN, KAUFMAN & PAINTER
10250 Constellation Boulevard, Suite 2900
3 Los Angeles, California 90067
(310) 881-6800 - Telephone
4 (310) 881-6801 - Facsimile

Attorneys for Plaintiff,
MURAD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MURAD, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v s.<br><br>M.A. DERMACEUTICALS, INC., a New Jersey corporation; and DOES I - X, Inclusive,<br><br>　　　　　Defendants. | CASE NO.<br>CV15-<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN<br><br>JURY TRIAL DEMANDED |

**COMES NOW THE PLAINTIFF**, MURAD, INC., and for causes of action against the defendants, complains and alleges as follows:

MAP-MURAD-1949

## JURISDICTION

1. This is a civil action which arises under Sections 32(1) [15 U.S.C. §1114(1)] and 43(a) [15 U.S.C. §1125(a)] of the United States Trademark Act. Jurisdiction is based upon 15 U.S.C. Section 1121 and 28 U.S.C. Section 1338(a).

## THE PARTIES

2. Plaintiff, MURAD, INC., is a California corporation having its principal place of business in El Segundo, California (hereinafter referred to as "Murad").

3. Plaintiff is informed and believes and, based on such information and belief, alleges that defendant, M.A. DERMACEUTICALS, INC. is a New Jersey corporation having its principal place of business in Hackensack, New Jersey and does business throughout the United States in general and in the Central District of California in particular. (hereinafter referred to as "M.A.D.").

4. The true names or capacities, whether individual, corporate, associate, representative, or otherwise, of the defendants named herein as DOES I - X, inclusive, are unknown to plaintiff who therefore, pursuant to Local Rule 19-1 of this Court, sues said defendants by such fictitious names and plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff hereby repeats and realleges Paragraphs 1 - 4, inclusive, as though set forth in full herein again.

6. In 1997, and long prior to any of the acts of the defendants complained of in this Complaint, Murad adopted the mark ENVIRONMENTAL SHIELD as a trademark to designate skin care products, said mark being extensively used, advertised and promoted throughout the United States in general and in the State of California in particular.

7.    Since long prior to any of the acts of the defendants complained of in this Complaint, Murad applied for and registered its ENVIRONMENTAL SHIELD trademark on the Principal Register in the United States Patent and Trademark Office, a copy of Certificate of Trademark Registration No. 2,752,357 being attached hereto as Exhibit 1.  Based upon the rights accorded registration of the trademark and the trademark's long and continuous use by Murad to designate skin care products, Murad owns the exclusive right to manufacture and sell skin care products identified by the ENVIRONMENTAL SHIELD trademark and to advertise and promote the sale of skin care products through the use of the ENVIRONMENTAL SHIELD trademark.

8.    Since long prior to the acts of defendants complained of in this Complaint, Murad has extensively marketed, sold, advertised and promoted its skin care products under the ENVIRONMENTAL SHIELD trademark.  Murad has gained a substantial reputation in connection with skin care products marketed and sold under the ENVIRONMENTAL SHIELD trademark.  By reason of the marketing and sale of products under the above trademark, the trade and public, prior to said acts of defendants complained of in this Complaint, have come to recognize the ENVIRONMENTAL SHIELD trademark, when used in connection with skin care products as identifying such products as being exclusively supplied by, authorized or affiliated with Murad.

9.    Long after Murad's first use of the ENVIRONMENTAL SHIELD trademark in commerce, defendants, and each of them, first commenced use of the trademark ENVIRONMENTAL SHIELD to manufacture, identify, distribute, advertise and/or promote the sale of skin care products in the United States.

10.    Defendants, and each of them, have used the trademark ENVIRONMENTAL SHIELD despite the fact the identified trademark wrongfully appropriates Murad's registered ENVIRONMENTAL SHIELD trademark and is confusingly similar thereto.

11. Defendants' act of manufacturing, distributing, advertising, marketing and promoting the sale of skin care products through the use of the trademark ENVIRONMENTAL SHIELD is directed to the same segment of the purchasing public to which Murad directs its products.

## FIRST COUNT FOR FEDERAL TRADEMARK INFRINGEMENT

12. Plaintiff hereby repeats and realleges Paragraphs 1 - 11, inclusive, as though set forth in full herein again.

13. Defendants' use of the trademark ENVIRONMENTAL SHIELD alleged above to identify, distribute, advertise and/or promote the sale of skin care products is likely to cause confusion or mistake or to deceive the purchasers of its products as to the source of origin of defendants' products and to cause defendants' products to be passed off or viewed as those which are provided or authorized by Murad.

14. That unless restrained by this Court, defendants, and each of them, will continue to use the trademark ENVIRONMENTAL SHIELD to manufacture, identify, distribute, advertise and/or promote the sale of skin care products and, as a result thereof, the public generally will be misled and deceived into believing that the products of defendants, and each of them, are those of, or are affiliated with Murad, to the irreparable damage and injury of the business of Murad.

15. The aforesaid actions of defendants, and each of them, have irreparably damaged Murad and will, unless restrained, continue to so damage the business of Murad and its good will, for all of which there is no adequate remedy at law.

## SECOND COUNT FOR FEDERAL UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN

16. Plaintiff hereby repeats and realleges Paragraphs 1 - 11, and 13 - 15, inclusive, of the First Count as though set forth in full herein again.

17. Defendants' above-alleged actions constitute the use in connection with goods of false or misleading descriptions and representations with respect to the origin, sponsorship or approval of its products and the publicity therefor by suggesting that such goods and the advertising thereof are connected with or associated, sponsored or affiliated with Murad, or that the same truly originated with Murad. Defendants, and each of them, have caused its skin care products, and the distributing, identifying, advertising and/or promotion thereof, to enter United States commerce. The misappropriation and use of Murad's ENVIRONMENTAL SHIELD trademark and Murad's Trade Dress by defendants, and each of them, as well as defendant's other actions described above constitute false and misleading descriptions of fact and representations of fact that are likely to give the public a false impression and to confuse the public as to the source of defendants' goods.

18. Murad is informed and believes and, based on such information and belief, alleges that defendants, and each of them, adopted and used the trademark ENVIRONMENTAL SHIELD with actual knowledge of Murad's long prior use of the ENVIRONMENTAL SHIELD trademark and Murad's Trade Dress and with the intent to trade on the reputation and good will of that mark.

19. This is an exceptional case within the meaning of §35 of the United States Trademark Act, 15 U.S.C. §1117, entitling Murad to recover reasonable attorneys' fees.

20. The aforesaid actions of defendants, and each of them, have irreparably damaged Murad and will, unless restrained, continue to so damage the business of Murad and its good will, for all of which there is no adequate remedy at law.

**WHEREFORE**, plaintiff seeks judgment against defendants, and each of them, as follows:

1. That defendants, and each of them, and their officers, agents, servants, employees, attorneys, confederates, related companies, and all persons acting in concert or participation with it, be enjoined and restrained during the pendency of this action, and permanently thereafter:

    (a) from using in any manner as a trademark or trade name the mark, ENVIRONMENTAL SHIELD, alone or in combination with any other word or words or design, in connection with identifying, distributing, advertising, promoting and/or offering for sale or the sale of skin care products not produced by plaintiff, or not authorized by plaintiff to be sold in connection with said mark;

    (b) from passing off, inducing or enabling others to sell or pass off skin care products which is not plaintiff's or not offered under the control and supervision of plaintiff and approved by plaintiff, through the use of the mark ENVIRONMENTAL SHIELD, or formatives thereof;

    (c) from committing any acts calculated to cause purchasers to believe that defendants' skin care products are sponsored by or approved or con-nected with or guaranteed by or offered and sold under the control and supervision of plaintiff; and

    (d) from otherwise competing unfairly with plaintiff in any manner.

2. That defendants, and each of them, be required to deliver up to plaintiff or destroy any and all price lists, labels, signs, prints, packages, wrappers, receptacles, advertising matter, promotional and other material in the possession of defendant, or under its control bearing the trademark ENVIRONMENTAL SHIELD alone, or in combination with any other word or words or design used in connection with the identifying, distributing, advertising, promotion or sale of skin care products not produced by plaintiff or not made under the supervision and control of plaintiff.

3. That defendants, and each of them, account for and pay over to plaintiff all damages sustained by plaintiff and all profits realized by defendants by reason of defendants' unlawful acts and that the amount of damages for infringement of plaintiff's trademark be increased by a sum not exceeding three times the amount thereof as provided by Section 35 of the United States Trademark Act, 15 U.S.C. §1117.

4. That plaintiff be awarded its costs of suit, including reasonable attorneys' fees and have such other and further relief as to the Court may deem equitable, including but not limited to, any relief set forth under Section 34-39 of the United States Trademark Act.

**PLAINTIFF DEMANDS A JURY TRIAL OF THIS ACTION.**

Respectfully submitted,

ISAACMAN, KAUFMAN & PAINTER

By: _____
Michael A. Painter
Attorneys for Plaintiff
MURAD, INC.

Dated: 8/7/2015

MAP-MURAD-1949

-7-

# EXHIBIT 1

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**Reg. No. 2,752,357**

United States Patent and Trademark Office    Registered Aug. 19, 2003

## TRADEMARK
### PRINCIPAL REGISTER

### ENVIRONMENTAL SHIELD

MURAD, HOWARD (UNITED STATES INDIVIDUAL)
2121 ROSECRANS AVENUE, FIFTH FLOOR
EL SEGUNDO, CA 90245

FOR: SKIN CARE PRODUCTS, NAMELY EXFOLIATING CREAMS, SKIN CLEANER, FACIAL SCRUB, NON-MEDICATED SKIN ASTRINGENT, SKIN MOISTURIZER AND NIGHT CREAM; HAND AND BODY MOISTURIZER, BATH AND SHOWER GELEE, HAIR SHAMPOO AND HAIR CONDITIONER, TANNING LOTION, BATH OIL, ANTI-WRINKLE CREAM, MOISTURE CREAM AND UNDER EYE COVER; COSMETICS, NAMELY, LIQUID FOUNDATION, FACE POWDER, ROUGE-BLUSHER, UNDER EYE COVER, EYE SHADOW, EYE LINER, MASCARA, LIPSTICK, EYE PENCILS AND LIP PENCILS, LIP GLOSS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-0-1997; IN COMMERCE 11-0-1997.

OWNER OF U.S. REG. NO. 2,080,252.

SER. NO. 76-430,820, FILED 7-12-2002.

BERYL GARDNER, EXAMINING ATTORNEY

Renewed: March 4, 2013